UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY JUNYOUNG PARK,<br><br>                         Plaintiff,<br><br>   v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>                         Defendant. | Case No. 20-cv-00242-BAS-MSB<br><br>**ORDER DENYING MOTION TO REMAND (ECF No. 5)** |

      Presently before the Court is Plaintiff Timothy Junyoung Park's Motion to Remand this action to state court. (ECF No. 5.) On February 7, 2020, Defendant Jaguar Land Rover North America, LLC ("JLRNA") removed this matter to federal court based on diversity jurisdiction. (ECF No. 1.) Plaintiff contests removal arguing that this case fails to meet the minimum amount in controversy to satisfy diversity jurisdiction under 28 U.S.C. § 1332. (Mot. to Remand 1:26–28.)

      The Court finds this Motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L. R. 7.1(d)(1). For the following reasons, the Court finds removal was appropriate and **DENIES** Plaintiff's Motion to Remand.

## I. BACKGROUND

On January 6, 2020, Plaintiff commenced this lawsuit in San Diego Superior Court asserting claims under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), specifically California Civil Code sections 1793 and 1794. (Compl., Notice of Removal Ex. A, ECF No. 1-3.) Plaintiff's Complaint alleges he purchased a used Certified Pre-Owned 2016 Jaguar F-Type ("Vehicle") with a total purchase price of $68,268.16 on or about July 2, 2019. (*Id.* ¶ 4.) Plaintiff further alleges the Vehicle "contained or developed various defects" constituting a breach of Defendant's implied warranty accompanying the Vehicle. (*Id.* ¶ 6.) Additionally, Plaintiff alleges Defendant willfully failed to comply with its obligations under the Vehicle's express warranty. (*Id.* ¶ 21.) In his Complaint, Plaintiff did not include a specific dollar amount for damages, but alleges he is seeking restitution, civil penalties, consequential and incidental damages, reasonable attorney's fees, and prejudgment interest. (*Id.* at 6–7.) Plaintiff is domiciled in California, and JLRNA is a limited liability company that "is a wholly owned subsidiary of Jaguar Land Rover Holdings Limited." (Notice of Removal ¶¶ 11, 13, ECF No. 1.) "Jaguar Land Rover Holdings Limited is a citizen of England with its principal place of business located in Coventry, England." (*Id.* ¶ 14.)

On February 7, 2020, JLRNA filed its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. (*Id.* at 1.) On March 23, 2020, Plaintiff filed a motion to remand the action to state court. (Mot. to Remand 1.)

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (citations omitted). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a).

In order to invoke a district court's diversity jurisdiction, a party must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332; *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008); *see also Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010) ("[I]n a case that has been removed from state court to federal court . . . on the basis of diversity jurisdiction, the proponent of federal jurisdiction—typically the defendant in the substantive dispute—has the burden to prove, by a preponderance of the evidence, that removal is proper.").

### III. ANALYSIS

The requirement at issue here is the amount in controversy, as JLRNA has adequately alleged complete diversity. (Notice of Removal ¶¶ 11–14.) *See also* 28 U.S.C. § 1332(a); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

To assert the amount in controversy in the removal notice, a "short and plain" statement need not contain evidentiary submissions and must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84, 89 (2014). If the plaintiff challenges the defendant's asserted amount in controversy, both sides submit proof and the court must find by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 88 (quoting 28 U.S.C. § 1446(c)(2)(b)); *see also Schneider v. Ford Motor Co.*, 756 F. App'x 699, 700–01 (9th Cir. 2018) ("The preponderance of the evidence standard applies only after 'the plaintiff contests, or the court questions, the defendant's allegation' and 'both sides submit proof.'"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (holding that when a complaint "is unclear and does not specify 'a total amount in controversy,' the proper burden of proof . . . is proof by a preponderance of the evidence").

Further, if the existence of diversity jurisdiction depends on the amount in controversy, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)). If not, a court may consider facts in the removal notice, and it may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.*

The amount in controversy is "not a prospective assessment of [a] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Rather, it is the "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)).

As stated above, Plaintiff is seeking restitution, consequential and incidental damages, civil penalties, and attorney's fees. (Compl. 6–7.) Restitution and incidental damages under the Song-Beverly Act include official fees associated with the sale of the vehicle (e.g. sales tax, license fees, and registration fees) and reasonable expenses incident to the vehicle problem (e.g. reasonable repair, towing, and rental car costs). Cal. Civ. Code § 1793.2(d)(2)(B). Plaintiff does not allege the amount sought with respect to these damages and notes, more generally, that his Complaint is silent as to the amount in controversy. (Mot. to Remand 2:15.) Therefore, in accordance with *Dart Cherokee*, the Court must find by a preponderance of the evidence that the amount in controversy asserted by Defendant exceeds the jurisdictional threshold. *See* 574 U.S. at 88.

### A. Amount in Controversy Assessment

Defendant alleges that Plaintiff is seeking more than $204,804.48 in monetary damages and civil penalties, not including compensatory damages or attorney's fees. (Notice of Removal ¶ 17.) Defendant further alleges that since the Song-Beverly Act authorizes an award of attorney's fees, such fees may be included in the amount in controversy. (*Id.*) Plaintiff's Motion to Remand argues that this case fails to meet the amount in controversy requirement because attorney's fees and civil penalties should not be included in the jurisdictional amount. (Mot. to Remand 6–10.)

When actual and punitive damages are recoverable under a complaint's allegations, each must be considered in determining the amount in controversy. *Bell v. Preferred Life Assurance Soc'y of Montgomery*, 320 U.S. 238, 240 (1943). Courts include civil penalties under the Song-Beverly Act in the amount in controversy, acknowledging that these penalties are sufficiently akin to punitive damages. *E.g.*, *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (finding that civil penalties under § 1794(c) are similar to punitive damages such that they "are properly included in the amount in controversy" (citing *Suman v. Superior Court*, 39 Cal. App. 4th 1309, 1317 (1995))); s*ee also Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (noting that treble damages authorized by state statute could have been taken into account when determining the amount in controversy); *cf. Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) (holding civil penalties available under the Song-Beverly Act could be considered in determining whether consumer satisfied amount in controversy requirement under Magnuson-Moss Warranty Act for federal question jurisdiction). Therefore, the Court considers Plaintiff's claim for civil penalties when assessing whether the amount in controversy is met in this case.

Here, Plaintiff alleges Defendant willfully failed to comply with its obligations under the Vehicle's express warranty. (Compl. ¶ 21.) Thus, Plaintiff seeks civil penalties under California Civil Code section 1794, which states that if the buyer establishes that the failure to comply was willful, the judgment may include a civil penalty of up to two times the

amount of actual damages.  Plaintiff's alleged actual damages include restitution for the entire purchase price of the Vehicle pursuant to California Civil Code section 1794(b)(1). (*Id.* ¶ 10.) Plaintiff allegedly purchased a used Certified Pre-Owned 2016 Jaguar F-Type with a total purchase price of $68,268.16.  (*Id.* ¶ 4.)  It follows then that should Plaintiff prevail, exclusive of incidental damages and restitution, a civil penalty of up to $136,536.32—two times his actual damages of $68,268.16—may be included in the judgment.  *See* Cal. Civ. Code § 1794(e)(1).  The civil penalty claim for twice the actual damages alone implicates well over the difference of $6,731.84 between the claim for restitution based on the cost of the Vehicle—$68,268.16—and the jurisdictional threshold—$75,000.  Taking together Plaintiff's claim for at least $68,268.16 in actual damages and $136,536.32 in civil penalties, the Court accepts Defendant's calculation that Plaintiff is seeking actual damages and penalties in excess of $204,804.48, therefore exceeding the threshold jurisdictional amount.[1]

Further, Plaintiff alleges that he is entitled to the full "civil penalty of two times Plaintiff's actual damages," and not up to that amount. (Compl. ¶ 21.)  Therefore, Plaintiff's own allegations support the conclusion that the maximum amount of civil

---

[1] Moreover, Plaintiff's potential damages are even higher than $68,268.16.  As mentioned, Plaintiff's actual damages may include not only restitution based on the Vehicle's price, but also incidental damages.  *See* Cal. Civ. Code § 1793.2(d)(2)(B).  In addition, Plaintiff states in his Complaint that he believes that, "at the present time, the Vehicle's value is *de minimis*." (Compl. ¶ 10.)  Hence, Plaintiff alternatively seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. (*Id.*)  This section provides that "[w]here the buyer has accepted the goods, Sections 2714 and 2715 of the Commercial Code shall apply, and the measure of damages shall include the cost of repairs necessary to make the goods conform." Cal. Civ. Code § 1794(b)(2).

"[A]s the conjunctive language in Civil Code section 1794 indicates, the statute itself provides an additional measure of damages beyond replacement or reimbursement and permits, at the option of the buyer, the Commercial Code measure of damages which includes 'the cost of repairs necessary to make the goods conform.'" *Krotin v. Porsche Cars N. Am., Inc.*, 38 Cal. App. 4th 294, 302 (1995) (citations omitted); *see also* Cal. Com. Code § 2714 ("The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted.").  Therefore, given that Plaintiff alleges the Vehicle he purchased for $68,268.16 is almost worthless, his actual damages would also be substantial under this alternative measure of damages.

penalties is properly included in the amount in controversy determination. More broadly, the Court also is persuaded by comparable decisions that consider the maximum amount of civil penalties because that is what has been placed into controversy. *E.g.*, *Verastegui v. Ford Motor Co.*, No. 19-cv-04806-BLF, 2020 WL 598516, at *3 (N.D. Cal. Feb. 7, 2020); *see also Theis Research, Inc.*, 400 F.3d at 662; *cf. Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007) ("Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to [the] plaintiff.").

Overall, the Court is convinced by a preponderance of the evidence that Plaintiff's claim for damages, attorney's fees, and civil penalties meets the jurisdictional threshold.[2]

**B.     Plaintiff's Contentions**

Although Plaintiff's allegations indicate that the amount in controversy exceeds $75,000, he offers several more nuanced arguments for why the jurisdictional threshold has not been met and remand is otherwise appropriate. To avoid any doubt, the Court will address these arguments below.

**1.     Restitution Offset**

Plaintiff contends that JLRNA failed to consider the potential offset in the amount of restitution for the Vehicle's purchase price. (Mot. to Remand 6:1–3.) The restitution

---

[2] The Court is unpersuaded by Plaintiff's argument that attorney's fees should not be considered part of the amount in controversy in a lemon law case. (Mot. to Remand 8:22–23 (citing *Suber v. Chrysler Corp.*, 104 F.3d 578, 588 n.12 (3rd Cir. 1997)).) The Ninth Circuit and many California district courts have indicated that the amount in controversy may include attorney's fees in Song-Beverly Act cases. *See Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016); *Schneider*, 756 F. App'x at 701 n.4; *see also, e.g.*, *Garcia v. FCA U.S. LLC*, No. 1:16-cv-00730-DAD-BAM, 2016 WL 4445337, at *4 (E.D. Cal. Aug. 23, 2016) ("An award of attorney's fees may be considered in tabulating the amount in controversy." (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998))).

Plaintiff further contends that future attorney's fees should not be counted toward the amount in controversy. (Mot. to Remand 9:13–14.) But the Ninth Circuit has held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 793 (9th Cir. 2018). Here, nothing in the record estimates the total amount of attorney's fees at issue. (*See* Swanson Decl. ¶ 3, ECF No. 5.) The Court need not estimate the fees, however, because the Court's analysis above already demonstrates that the amount in controversy exceeds $75,000.

awardable under California Civil Code section 1793.2(d)(2)(B) must be reduced by the amount directly attributable to Plaintiff's use of the vehicle prior to the first repair or attempted repair. *See* Cal. Civ. Code § 1793.2(d)(2)(C). This reduction is determined based on the number of miles traveled by the Vehicle before Plaintiff first returned it for repair. *See id.* Plaintiff is correct that this use offset may reduce the amount in controversy. *See Schneider*, 756 F. App'x at 701 n.3 (noting that the district court appropriately considered the use offset to determine the amount in controversy).

Here, however, Plaintiff alleges that he purchased the Vehicle on or about July 2, 2019; meaning, Plaintiff's use of the vehicle was for less than a year. (Compl. ¶ 4.) And because the restitution offset is based on the number of miles traveled by the Vehicle prior to the first attempted repair, it is reasonable to assume that any offset here would not be large enough to lower the cumulative amount of damages and penalties to at or under $75,000. *See* Cal. Civ. Code § 1793.2(a)(2)(C); *cf. D'Amico v. Ford Motor Co.*, No. CV 20-2985-CJC (JCx), 2020 WL 2614610, at *2 (C.D. Cal. May 21, 2020) (noting that plaintiff drove her vehicle for three years, making it possible that she drove the car for many miles before she took it in for repair). Moreover, Plaintiff's restitution offset argument does not address the alternative measure of damages he invokes under California Civil Code section 1794(b)(2). *See Krotin*, 38 Cal. App. 4th at 302 ("[T]he statute itself provides an additional measure of damages beyond replacement or reimbursement[.]"); *see also supra* note 1. Hence, the Court is unmoved by Plaintiff's argument that JLRNA's failure to consider the restitution offset means the amount in controversy requirement is not met.

### 2. Burden to Show Alleged Civil Penalties

Even if civil penalties may be included in the amount in controversy, Plaintiff argues JLRNA does not meet its burden to demonstrate that penalties should be included in this case. (*See* Mot. to Remand 2:15–22.) Plaintiff further urges the Court to follow *Eberle*, a case filed against JLRNA by Plaintiff's counsel. *Eberle v. Jaguar Land Rover N. Am., LLC*, No. 2:18-cv-06650VAP-PLA, 2018 WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018).

The *Eberle* court and several courts in this district have noted in Song-Beverly Act cases that the removing party must make some effort to justify the assumption that civil penalties will be awarded in order for the penalties to be included in the amount in controversy. *Id.*; *see also Zawaideh v. BMW of N. Am., LLC*, No. 17-cv-2151-W-KSC, 2018 WL 1805103, at *2–3 (S.D. Cal. Apr. 17, 2018) (evaluating two district court decisions to conclude there was an inadequate showing that penalties would be awarded when assessing the amount in controversy where actual damages at issue were $14,470). These cases indicate that removing parties should justify the assumption of civil penalties by pointing to allegations in the complaint and providing judgments from similar cases regarding the likely amount of penalties. *See Herko v. FCA U.S. LLC*, No. 19-cv-2057-JLS-WVG, 2019 WL 5587140, at *2 (S.D. Cal. Oct. 30, 2019) (citing *Zawaideh* to find defendant failed to show some justification that civil penalties would be appropriate and where the total sale price of the vehicle was $54,393.84); *Castillo v. FCA U.S. LLC*, No. 19-cv-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (citing *Herko* and *Zawaideh* to find similarly where actual damages contended by defendant were $26,131.31).[3]

The Ninth Circuit, however, has held that a "defendant's showing on the amount in controversy may rely on reasonable assumptions." *Arias*, 936 F.3d at 922; *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197–99 (9th Cir. 2015) ("[E]vidence may be direct or circumstantial. In either event, a damages assessment may require a chain of reasoning that includes assumptions."). Further, assumptions made part of the defendant's chain of

---

[3] Relatedly, other courts in this district have also concluded that civil penalties are more inherently included in the amount in controversy. *See Ferrer v. FCA U.S. LLC*, No. 17-cv-0530-AJB-BGS, 2017 WL 2875692, at *3 (S.D. Cal. July 6, 2017) (including civil penalties under the Song-Beverly Act in calculating the amount in controversy where actual damages at issue were $27,810.29); *see also Locher v. Thor Motor Coach, Inc.*, No. 3:17-cv-01804-GPC-MDD, 2017 WL 6016114, at *4 (S.D. Cal. Dec. 5, 2017) (noting that courts calculate the amount in controversy based upon the maximum amount of civil penalties available to the plaintiff where the value of the rescission claim was $65,363.29).

reasoning do not need to be proven; they instead must only have "some reasonable ground underlying them." *Arias*, 936 F.3d at 927 (quoting *Ibarra*, 775 F.3d at 1199).[4]

Here, Defendant's assumption that the amount in controversy includes the maximum amount of civil penalties is reasonable. Initially, this assumption is founded on the allegations of the Complaint. *See id.* at 925 ("An assumption may be reasonable if it is founded on the allegations of the complaint."). As stated above, JLRNA points to Plaintiff's allegation that he "is entitled to a civil penalty of two times Plaintiff's actual damages" under California Civil Code section 1794. (Compl. ¶¶ 5, 21.) Plaintiff also alleges he notified Defendant of the Vehicle's defects; "[h]owever, the representative failed to repair the Vehicle, breaching the terms of the written warranty . . . ." (*Id.* ¶ 18.) Thus, Plaintiff alleges JLRNA's failure to comply with the warranty was willful because "Defendant and its representatives were aware of their obligation to repair the Vehicle under the express warranty, but they intentionally declined to fulfill that obligation." (*Id.* ¶ 21.) *See also Jensen v. BMW of N. Am., Inc.*, 35 Cal. App. 4th 112, 136 (1995) (noting that in determining willfulness, the jury can consider factors including whether the manufacturer knew the vehicle had not been repaired and whether the manufacturer had a written policy on Song-Beverly's requirement to repair or replace a vehicle).

In addition, JLRNA points to cases, such as *Brady*, 243 F. Supp. 2d 1004, as an example where civil penalties under the Song-Beverly Act were contemplated in the amount in controversy. (Opp'n 3, ECF No. 7.) Further, nothing in the record—including Plaintiff's Motion to Remand—contradicts Plaintiff's allegations and indicates that the maximum amount of civil penalties should not be part of "the maximum recovery" Plaintiff "could reasonably recover." *See Arias*, 936 F.3d at 927. Finally, *Eberle* and other

---

[4] *See Lewis*, 627 F.3d at 400 ("To establish the jurisdictional amount . . . Defendant here need only "bear the burden to show that its estimated amount in controversy relie[s] on reasonable assumptions."); *see also, e.g.*, *Cortez Martinez v. Ford Motor Co.*, No. 18-cv-01607-LJO-JLT, 2019 WL 1988398, at *2 (E.D. Cal. May 6, 2019); *cf. Tremper v. FCA U.S. LLC*, No. 20-cv-00828-HSG, 2020 WL 2991585, at *2 (N.D. Cal. June 4, 2020) (finding defendant's assumption unreasonable in a Class Action Fairness Act case).

decisions Plaintiff cites are distinguishable because they involved vehicles purchased for prices significantly less than the Vehicle here, which cost $68,268.16. *See, e.g.*, 2018 WL 4674598, at *2 (noting the vehicle was purchased for $48,284.39). By comparison, this case is not a close call because the possibility that Plaintiff may recover even a relatively small civil penalty pushes the amount in controversy over the jurisdictional threshold. *See supra* Part III.A.

Accordingly, the Court rejects Plaintiff's argument that JLRNA fails to demonstrate that the maximum potential civil penalties may be included in the amount in controversy calculation. Because JLRNA has adequately shown that these penalties are part of the "the amount at stake" in the litigation, they are properly considered as part of the "the amount in controversy for purposes of diversity jurisdiction." *See Theis Research, Inc.*, 400 F.3d at 662; *see also Arias*, 936 F.3d at 927.

       **3.**    **Comity**

Lastly, Plaintiff contends that comity principles weigh in favor of remand. (Mot. to Remand 10:21.) The constitutionality of removal is well-settled law. *Tennessee v. Davis*, 100 U.S. 257, 258 (1879). When the defendant seeks to remove on the basis of diversity or a federal question, the removal will stand if either ground is well taken. *Great N. Ry. Co. v. Galbreath Cattle Co.*, 271 U.S. 99, 101 (1926). Therefore, the Court rejects Plaintiff's argument that comity principles weigh in favor of remand. *See BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 793 n.2 (9th Cir. 2009) (Fisher, J., concurring) ("[T]he diversity statute, unlike the supplemental jurisdiction statute, does not afford district courts the discretion to decline jurisdiction over state law claims. District courts sitting in diversity therefore lack the option of refusing state law claims out of consideration for 'judicial economy, convenience, fairness, and comity.'" (citation omitted) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156 (1997))).

**IV.   CONCLUSION**

For the foregoing reasons, JLRNA has shown by a preponderance of the evidence that the jurisdictional amount in controversy here has been met, therefore satisfying the

1  contested requirement for diversity jurisdiction under 28 U.S.C. § 1332.  Thus, Defendant
2  has properly removed this action to this Court pursuant to 28 U.S.C. § 1441(a).  The Court
3  consequently **DENIES** Plaintiff's Motion to Remand (ECF No. 5).
4      **IT IS SO ORDERED.**

6  **DATED: July 1, 2020**

        Hon. Cynthia Bashant
        United States District Judge